UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

SCOTT DEITZ, et al., )
)
        Plaintiffs, )
) Case No. 3:21-cv-00136 MAB
v. )
)
SPENGLER PLUMBING COMPANY, INC., et al., )
)
        Defendant. )

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### Introduction

Plaintiffs file their motion pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking to compel defendant Jason Spengler to provide the documents sought in Plaintiffs' First Request for Production of Documents to Defendant Jason Spengler. (A copy of this request is attached as Ex. A to the accompanying Affidavit of Greg A. Campbell.) Plaintiffs' efforts to obtain responses to their request for production are detailed in the accompanying Affidavit of Greg A. Campbell. Defendant has not produced the requested documents, and has not responded to plaintiff'' communications.

### Facts

This is an action to collect pension fund withdrawal liability pursuant to the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. §145) et seq. On April 16, 2021, plaintiffs filed their First Amended Complaint. Defendants are Spengler Plumbing Company, Inc., The Spengler Company, D.B. II, LLC, J&J Land Trust, and Jason Spengler. Plaintiffs contend that Spengler Plumbing Company was signatory to a collective bargaining agreement with Plumbers Local Union 101 requiring pension fund contributions, that Spengler Plumbing Company ceased to have an obligation to contribute to the pension

fund thereby creating an obligation under MPPAA to pay withdrawal liability, and that other defendants, including Jason Spengler, are liable for the withdrawal liability as members of a "common control group" which is engaged in a "trade or business" pursuant to Section 4001(b)(1) of MPPAA, 29 U.S.C. §1301(b)(1).

In this regard, it is plaintiffs' information that defendant Spengler is now or was at the relevant time, the owner of property located at 937 and 939 Georgetowne, in O'Fallon, Illinois, and that he is, or was, renting out one or more of these properties.

Plaintiffs' propounded their First Request for Production of Documents to Defendant Jason Spengler to explore this contention. (See Affidavit of Greg A. Campbell)

## Argument

The discovery requests herein at issue are plainly relevant. In this regard, courts have held that a control group member who leases real property is engaged in a "trade or business", even if the tenant is unrelated to the withdrawn employer. In Central States Southeast and Southwest Areas Pension Fund v. Miller, 868 F.Supp. 995 (N.D..Ill. 1994) control group liability was found where a husband and wife who were the sole owners of the withdrawing employer also owned a house which they rented out for several months, even though the tenants had no relationship to the withdrawing employer and the rental activity was unrelated to the business of the withdrawing employer. See also Central States, Southeast and Southwest Pension Fund v. Personnel, Inc., 974 F.2d 789 (7th Cir. 1992).

Moreover, the fact that defendant Spengler Plumbing Company, Inc. has filed a bankruptcy petition (see Doc#27) does not preclude plaintiffs from pursuing relief from control group members. See e.g., In re Ceasars Entertainment Operating Co., Inc., 540 B.R. 637, 644-645 (N.D. Ill. 2015) ["Because controlled group members are jointly and severally

liable, the bankruptcy of one member has no bearing on the liability of the others. … In particular, the automatic stay does not prevent a plan sponsor from collecting withdrawal liability from other non-debtor members."]; Central States, Southeast and Southwest Areas Pension Fund v. Slotky, 956 F.2d 1369 (7th Cir. 1992); Local 478 Trucking and Allied Industries Pension Fund v. Jayne, 778 F.Supp. 1289, 1324-1325 (D.N.J. 1991) ["Under the Bankruptcy Code, 11 U.S.C. §362(a), an automatic stay is awarded only to a party in bankruptcy proceedings … The automatic stay awarded to the withdrawing employer also does not extend to other members of a controlled group."]

## Conclusion

For the foregoing reasons, defendant Jason Spengler should be compelled to provide the documents sought in Plaintiffs First Request for Production of Documents to Defendant Jason Spengler.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax:   (314) 727-6804


   /s/ Greg A. Campbell
GREG A. CAMPBELL #35381MO
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 11, 2021, the foregoing was electronically filed with the Clerk of the Court to be served via the ECF filing system to all participating parties.

/s/ Greg A. Campbell