IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT DEITZ, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-00136-MAB |
| | ) |
| SPENGLER PLUMBING COMPANY, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the motion for default judgment against Defendants D.B. II, LLC and Jason Spengler filed by Plaintiffs Scott Dietz, Daniel McKenna, Steve Meister, Dan Hansen, Jim Lugge, Albert Roscow, Gary Vasquez, and the Plumbers and Fitters Local 101 Pension Fund ("Plaintiffs") (Docs. 40, 41). Additionally before the Court is a motion to vacate the Clerk's entry of default, filed by Defendants D.B. II, LLC and Jason E. Spengler, and a response in opposition filed by Plaintiffs (Docs. 45, 46).

### BACKGROUND & FACTS

This action was filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, by Plumbers and Fitters Local 101 Pension Fund ("Pension Trust"), an employee benefit fund, and the respective trustees of that Pension Trust, seeking to collect withdrawal liability from Defendant Spengler Plumbing Company, Inc. ("Spengler Plumbing") (Doc. 1). Spengler Plumbing was party to a collective bargaining

agreement with Plaintiffs, which required Spengler Plumbing to contribute to the Pension Trust. *Id.* The original complaint was filed on February 2, 2021 (Doc. 1).

Spengler Plumbing was served with summons and a copy of the complaint on February 23, 2021 (Docs. 5, 6). Spengler Plumbing's responsive pleading was due March 16, 2021 (Doc. 6). Prior to Spengler Plumbing's attorney entering the case or filing a responsive pleading, Plaintiffs filed an amended complaint on April 5, 2021 (Doc. 8). In this amended complaint, Plaintiffs added various other Defendants, including The Spengler Company, J&J Land Trust, Jason Spengler, and D.B. II, LLC. Defendants D.B. II, LLC and Jason Spengler were served with a summons and copy of the amended complaint on April 16, 2021 and April 20, 2021 (respectively), with answer due dates of May 7, 2021 and May 11, 2021, respectively (Docs. 10, 12). On May 11, 2021, attorney Steven M. Wallace entered his appearance for Defendants D.B. II, LLC and Jason Spengler (Doc. 21).

By motion on May 11, 2021, all Defendants requested additional time to respond to the complaint, which the Court granted, detailing that responsive pleadings had to be filed on or before May 25, 2021 (Docs. 22, 24).

Plaintiffs filed a motion for summary judgment against one Defendant, Spengler Plumbing, on May 7, 2021. Soon after, Spengler Plumbing filed a Chapter 11 petition (Doc. 27). Plaintiffs then moved to dismiss Spengler Plumbing and the Spengler Company (Doc. 29), which was granted on August 17, 2021 (Doc. 32). This left Jason Spengler, D.B. II, LLC, and J&J Land Trust as the remaining Defendants.

On August 11, 2021, Plaintiffs filed a motion to compel discovery, requesting the

Court to Order Defendant Jason Spengler to provide documents sought in Plaintiffs' First Request for Production (Doc. 30, 30-1). Defendant Jason Spengler responded, detailing that he will produce the requested information (Doc. 33). The Court accordingly granted the motion and ordered Jason Spengler to provide this information to Plaintiffs on or before September 4, 2021 (Doc. 34).

Even with all of these filings, Jason Spengler and D.B. II, LLC did not file answers or otherwise respond to Plaintiffs' amended complaint by the extended deadline.[1]

On November 8, 2021, Plaintiffs filed a motion for entry of default as to Jason Spengler and D.B. II, LLC (Doc. 35).[2] The Clerk granted this motion and filed an entry of default on November 9, 2021 (Doc. 39). The same day, Plaintiffs filed their motion, and supporting memorandum, for default judgment (Docs. 40, 41). Soon after, also on the same day, D.B.II, LLC and Jason Spengler filed a motion for leave to file an answer (Docs. 42). On November 12, 2021, Plaintiffs filed their memorandum in opposition, arguing that D.B.II, LLC and Jason Spengler failed to demonstrate that the entry of default should be vacated (Doc. 43).

On December 9, 2021, the Court entered an Order denying D.B.II, LLC and Jason Spengler's motion for leave to file an answer. The undersigned explained that these two

---

[1] *See* FED. R. CIV. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

[2] Defendant J&J Land Trust was served on April 16, 2021 with an answer due date on May 7, 2021. Attorney Steven M. Wallace entered his appearance for J&J Land Trust on May 11, 2021 (Doc. 21). To date, Defendant J&J Land Trust has not filed an answer or otherwise responded to Plaintiff's complaint. Even so, Plaintiffs did not file their motion for entry of default (Doc. 35) or their motion for default judgment (Doc. 40) against Defendant J&J Land Trust.

Defendants (Jason Spengler and D.B. II, LLC) had failed to establish, with developed and supported legal arguments, why default should be set aside (Doc. 44). With this said, the denial was without prejudice and they were granted leave to refile a renewed motion to set aside default on or before January 10, 2022 (Doc. 44).

Jason Spengler and D.B. II, LLC filed their renewed motion to vacate the Clerk's entry of default on January 10, 2022 (Doc. 45). Plaintiffs filed their memorandum in opposition on January 24, 2022 (Doc. 46). These pleadings are presently before the Court.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). While the Seventh Circuit "has a well-established policy of favoring a trial on the merits over a default judgment," *Sun*, 473 F.3d at 811; *accord Cracco*, 559 F.3d at 631, it has also instructed "that the district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citations omitted). "[W]illfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court." *Id.* (citation omitted). Even

so, "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun*, 473 F.3d at 811.

The Court concludes that Jason Spengler and D.B. II, LLC have made the required showing to vacate the entries of default against them. The Court will address the three requirements to set aside default (good cause, quick action to correct it, and a meritorious defense) out of order. The Court can make quick work of whether Jason Spengler and D.B. II, LLC took quick action to correct their default because the Court previously acknowledged they did act quickly (*See* Doc. 44). The Clerk of Court entered default on November 9, 2021 and they sought leave to file their answer the same day (Doc. 42). When the Court denied the motion and granted them leave to refile, Jason Spengler and D.B. II, LLC did so in the allotted time. *See* Docs. 44, 45. This isn't the type of behavior that could be classified as a willful refusal to follow court rules that would justify refusing to vacate the entry of default. *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th. Cir. 2003). Nor have Jason Spengler and D.B. II, LLC completely abandoned this lawsuit. Rather, as the Court noted in its last Order, despite not filing a responsive pleading to the complaint, they participated in discovery and sent responses to Plaintiffs' first request for production (Docs. 30, 30-1, 33, 34, 44).

The Court also agrees that Jason Spengler and D.B. II, LLC have established good cause for default. In the motion to vacate, they explain that on June 1, 2021, Spengler Plumbing filed a Chapter 11 petition (Doc. 45, p. 1). Jason Spengler is the President of Spengler Plumbing and D.B.II, LLC is a limited liability company owned solely by Spengler Plumbing. Therefore, while the bankruptcy proceedings relate to Spengler

Plumbing, Jason Spengler and D.B. II, LLC say that the bankruptcy proceedings directly impact this case. *Id.* Indeed, they explain that the bankruptcy proceedings have consumed the majority of their time and are "the nexus for all of the claims at issue here;" therefore, there is a meritorious defense to Plaintiffs' complaint (Doc. 45, p. 1). While Jason Spengler and D.B. II, LLC have an affirmative responsibility to actively participate in litigation, the Court is also aware of the time-consuming nature of bankruptcy proceedings. Additionally, the Court is aware of at least two related cases in this District, which is also time-consuming.[3] As such, the Court finds there was good cause for entry of default.

The parties disagree as to whether Jason Spengler and D.B. II, LLC have satisfied the final consideration of the Rule 55 test: a meritorious defense to the complaint. Jason Spengler and D.B. II, LLC argue that their liability to Plaintiff is derived solely from the that of Spengler Plumbing. And while Plaintiffs have filed claims against Spengler Plumbing in the bankruptcy context, that claim has not yet been adjudicated and Spengler Plumbing must be afforded the opportunity to defend against those claims in the bankruptcy court. According to Jason Spengler and D.B. II, LLC their liability to Plaintiffs hinge on what happens between the Plaintiffs and Spengler Plumbing in the bankruptcy court.

---

[3] *See Degonia, et al. v. Spengler Plumbing Company, Inc., et al.*, 3:21-cv-00148-MAB. Defendants were also involved in other cases, one of which was dismissed in 2021. *See Plumbers and Fitter Local Union 101, et al. v. Spengler Plumbing Company, Inc. and The Spengler Company, Inc.*, Case No. 21-cv-00225-GCS-JPG. In this case, Judge Gilbert granted a default judgment for Plaintiffs after Defendants failed to enter and respond to the complaint. In his Order, Judge Gilbert outlines that Defendants' petition for bankruptcy was dismissed, which allowed the Plaintiffs to pursue litigation in federal court. *See* 3:21-cv-00225-GCS (Doc. 15, p. 2).

Plaintiffs disagree. Specifically, Plaintiffs explain that their case is covered by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1382, *et seq.*, ("MPPAA") (*Id.* at p. 1). According to Plaintiffs, Spengler Plumbing withdrew from the Pension Trust, the Plaintiffs in turn issued a withdrawal liability assessment against Spengler Plumbing and it never properly contested the liability assessment by initiating arbitration proceedings. Accordingly, Plaintiffs say Spengler Plumbing has no viable defense to Plaintiffs. And the instant Defendants – Jason Spengler and D.B. II, LLC – are liable to Plaintiffs by virtue of their relationship with Spengler Plumbing (Jason Spengler was the sole owner of Spengler Plumbing and Spengler Plumbing was the sole member of D.B. II, LLC).

Generally, under the MPPAA, if any employer withdraws from a multiemployer plan, then the employer is liable to the plan in the amount determined under the MPPAA to be the withdrawal liability. 29 U.S.C. § 1391. And any dispute between an employer and the plan sponsor of a multiemployer plan concerning the withdrawal liability "shall be resolved through arbitration." 29 U.S.C. § 1401; *Chicago Truck Drivers v. El Paso Co.*, 525 F.3d 591, 595 (7th Cir. 2008); *Hancock v. Cook Cnty. Waste & Recycling, Inc.*, No. 09-CV-212, 2010 WL 1416978, at *9 (N.D. Ill. Apr. 5, 2010) ("The provisions of the MPPAA, however, make clear that any defense to withdrawal liability must be raised through arbitration. Otherwise, the party waives those defenses."). The MPPAA provides specific time frames in which arbitration must be commenced. 29 U.S.C. § 1401(a)(1).[4] "Exceptions to the

---

[4] Under 29 U.S.C. § 1399(b)(2)(A), upon receipt of a fund's notice and demand, an employer has 90 days to request an informal review by the plan. Either party may initiate the arbitration proceeding within a 60–

arbitration requirement are made only in the rarest cases." *Chicago Truck Drivers*, 525 F.3d at 595; *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992) (recognizing that the statutory deadline for initiating arbitration is a form of statute of limitations and the doctrine of equitable tolling is read into such a statute, but declining to find that the facts warranted application of equitable tolling or the creation of an exception to withdrawal liability). If no arbitration proceeding is initiated under 29 U.S.C. § 1401(a), then the amount demanded by the plan sponsor for withdrawal liability is due and owing on the schedule set forth by the plan sponsor. 29 U.S.C. § 1401(b)(1); *Chicago Truck Drivers,* 525 F.3d at 595–596.

Ultimately, the MPPAA does not leave much room for debate. It carefully outlines the withdrawal liability considerations and instructs that any dispute in this regard "shall" be resolved through arbitration. Accordingly, based on the facts and arguments currently before the Court, Jason Spengler and D.B. II, LLC certainly appear to have an uphill climb in their defense of this case. But the Court also notes that control group liability – imposing liability on an entity other than the one obligated to the fund – requires some additional considerations. *See McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 577 (7th Cir. 2007) ("To impose withdrawal liability on an organization other than the one obligated to the Fund, two conditions must be satisfied: 1) the organization

---

day period after the earlier of (i) the plan's response to the employer's request for review, or (ii) 120 days after the date of the employer's request for review. 29 U.S.C § 1401(a)(1).The parties may jointly initiate arbitration within the 180-day period after the date of the plan sponsor's demand on the employer for withdrawal liability (the demand must include the amount owed and schedule of payments). *Id*.

must be under 'common control' with the obligated organization, and 2) the organization must be a trade or business."); *Hancock*, No. 09-CV-212, 2010 WL 1416978, at *11. The Court would prefer to resolve these issues (withdrawal liability, arbitration and whether there is any viable exception to it, control group liability, and any other applicable claims and/or defenses) through a motion and true adversarial briefing process, with supporting evidence and exhibits, rather than through a default judgment. And given the many references that both parties make to the bankruptcy court and the ongoing litigation there, this Court is reluctant to foreclose any defenses that might be available to Jason Spengler and D.B. II, LLC that may be available as a result of the bankruptcy proceedings, without careful examination of that docket and any and all other evidence that bear on Plaintiffs' claims and the Defendants' defenses.[5]

For these reasons, Jason Spengler and D.B. II, LLC's Motion to Set Aside Clerk's Entry of Default (Doc. 45) is **GRANTED**. The entries of Default against D.B. II, LLC and Jason E. Spengler (Doc. 39) are **VACATED.** Plaintiffs' Motion for Default Judgment against Defendants (Doc. 40) is **DENIED as MOOT**. Plaintiffs' request for fees and costs associated with obtaining the entry of default and responding to Defendants' motion to

---

[5] The Court would like to apologize to counsel for its delay in resolving this motion. The Court recognizes that the motion for default judgment was first filed on November 9, 2021, Jason Spengler and D.B. II, LLC promptly filed a motion for leave to file an answer that same day, and the Court resolved that motion approximately one month later (*See* Docs. 40-44). The instant motion to vacate was then filed in January, responded to 14 days later and thus has been ripe for disposition for quite some time now (*See* Docs. 45, 46). The parties are entitled to timely and efficient resolution of their motions and disputes and the Court did not provide that here. In the future, the Court invites counsel to jointly contact the undersigned's chambers if counsel feel that a motion has been pending for an inordinate amount of time and may have been overlooked.

set aside (*see* Doc. 41, p. 11) is **DENIED.**

Defendants shall file their answer or other responsive pleading to the complaint (Doc. 1) on or before July 28, 2022.

**IT IS SO ORDERED.**

**DATED: July 14, 2022**

s/Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**